IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| KATHRYN A. NUZBACK REVOCABLE TRUST | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No.: GLS-21-579 |
| | ) | |
| PRINCE GEORGE'S COUNTY, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Pending before the Court is a "Motion to Dismiss or, Alternatively, for Summary Judgment," (ECF No. 21) ("Motion"), filed by Defendant Prince George's County ("the County") and Defendant Prince George's County Department of Permitting, Inspections, & Enforcement ("Defendants").    Plaintiff Kathryn A. Nuzback Revocable Trust ("Plaintiff") has filed an opposition to the Motion. (ECF Nos. 23). As set forth herein, the issues raised by the Motion have been fully briefed; thus, no hearing is necessary.  *See* Local Rule (L.R.) 105.6 (D. Md. 2018).  For the reasons set forth more fully herein, the Court will **GRANT** Defendant's Motion.

### I.   BACKGROUND[1]

Plaintiff owns the property located at 14405 Baltimore Avenue, Laurel, MD 20707 ("Plaintiff's Property") (ECF No. 1, ¶ 4, "Complaint"). Plaintiff's allegations concern a 285' by

---

[1] The Court construes Defendants' Motion a motion to dismiss: (1) for lack of subject matter jurisdiction; and (2) for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See* Part II.B.2. Unless otherwise noted, the facts are taken from the Complaint, ECF No. 1, and are construed in the light most favorable to the non-moving party, Plaintiff. *Baltimore Scrap Corp. v. Exec. Risk Specialty Ins. Co.*, 388 F. Supp. 3d 574, 584 (D. Md. 2019).

50' tract of land that contains a right of way ("Subject Property"). (Complaint, ¶ 5). The Subject Property sits to the north of Plaintiff's Property. (*Id.*).

On June 4, 2008, the Nazario Family, LLC, ("Nazario"), purchased the property at 14401 Baltimore Avenue, Laurel, MD ("Nazario Property"), which sits to the immediate north of the Subject Property. (*Id.*, ¶ 8). The Subject Property lies in between the Nazario Property (14401 Baltimore Avenue) and the Plaintiff's Property (14405 Baltimore Avenue). (*Id.*, ¶ 9).

On June 7, 2013, Nazario contacted the Director of the Prince George's County Department of Permitting, Inspections, and Enforcement ("DPIE") about the "vacation" of the Subject Property. (*Id.*, ¶ 10). DPIE, relying on a memorandum written in 1991 related to the Subject Property ("the 1991 Memorandum"), determined that "the County did not have a claim on the Subject Property;" accordingly, the Subject Property belonged to **both** Plaintiff and Nazario. (*Id.*, ¶¶ 14, 16, 19) (emphasis supplied).[2]

As set forth below, between 2016-2020 Plaintiff pursued three separate lawsuits related in some fashion to the Subject Property, losing all of them. For simplicity's sake, the Court refers to them as *Nuzback I*, *Nuzback II*, and *Nuzback III*.[3]

On March 29, 20216, Nazario filed suit to quiet title of the Subject Property under a theory of adverse possession in Prince George's County Circuit Court. ("*Nuzback I*") (*Id.*, ¶ 25). Specifically, Nazario sought to obtain the rest of the right of way abutting his property, i.e., the Subject Property. On August 2, 2017, the Circuit Court granted Nazario's summary judgment

[2] On February 5, 2015, Nazario filed a plat of subdivision to divide its lot in to two lots, and in the plat, Nazario incorporated approximately half of the right-of-way into one of the lots, which the County approved. *Nuzback I*, 2018 WL 6012455, at *1. The Subject Property in this case constitutes the remaining portion of the right-of-way that was not incorporated in the plat. *Id.*

[3] In chronicling the history of these case, this Court takes judicial notice of public records, including of state-court docket sheets: CAE 16-10213, CAE-18-11322, and CAL-20-13248. *See Phillips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also Moffitt v. Asset Mgmt. W. 18, LLC*, Civ. No. PWG-14-3975, 2015 WL 6715241, at *1 (D. Md. Nov. 2, 2015) (taking judicial notice of Maryland state court dockets).

2

motion, holding that there was no genuine dispute of fact as to whether Nazario's possession of the Subject Property was adverse (i.e., actual, notorious, exclusive, and continuous or uninterrupted for a period of twenty years). (ECF No. 21-2). Plaintiff filed a motion to reconsider the court's order, which was denied on October 27, 2017.

Subsequently, Plaintiff appealed the Circuit Court's orders granting summary judgment and denying Plaintiff's motion to reconsider to the Court of Special Appeals. Ultimately, the Maryland Court of Special Appeals affirmed the Circuit Court's decision, holding that neither the County nor the State of Maryland owned the Subject Property. When rendering its decision, the appellate court opined that the Circuit Court did not err in granting summary judgment, where Plaintiff failed to produce any admissible evidence that it possessed the land or that the County or State owned it in opposition to Nazario's motion for summary judgment. The appellate court further held that the Circuit Court did not abuse its discretion in denying the motion for reconsideration, where Plaintiff elected to first bring to the court's attention an affidavit from Mr. Nuzback that he had adversely possessed the land for the requisite number of years only upon reconsideration, rather than raising such evidence earlier in connection with its opposition to the summary judgment motion. *See Nuzback I*, CAE-16-10213, 2018 WL 6012455, at *3-*5. (Md. Ct. Spec. App. Nov. 15, 2018), *cert. denied*, 462 Md. 577, 201 A.3d 1238 (2019).

On April 12, 2018, Plaintiff filed a complaint in Prince George's County Circuit Court against Prince George's County, the State of Maryland, and Nazario, seeking a declaratory judgment. ("*Nuzback II*"). (ECF No. 21-4).  Specifically, Plaintiff again sought a determination from a state court that the Subject Property belonged to Prince George's County or the State of Maryland, this time arguing that Defendants had improperly relied upon the 1991 memorandum to determine that neither the County nor the State had an interest in the Subject Property. (ECF

No. 21-4, ¶¶ 12, 14, 18, 24).  Alternatively, Plaintiff sought a determination that: (a) if neither the County nor State still owned the Subject Property, one of these governmental entities had illegally conveyed or abandoned its rights in the same, in violation of the statutes and regulations related to the disposition of public land; or (b) to the extent that the County or State intended to dispose of the Subject Property, Plaintiff was entitled to claim a one-half interest in the same. (*Id.*, ¶¶ 19, 20, 23, 25, 26).  Plaintiff's complaint did not include any specific reason why Plaintiff would be entitled to one-half of the Subject Property.

On July 10, 2019, the Circuit Court granted summary judgment for the County and the State of Maryland, holding that "the property in this matter has, in a final order, been granted to the Nazario Family and there is no genuine dispute of material fact regarding the ownership of this property." (ECF No. 21-7).  A review of the docket sheet reflects that Plaintiff chose not to appeal this decision.

On July 1, 2020, Plaintiff again filed a complaint in Prince George's County Circuit Court, this time against the Maryland-National Capital Park and Planning Commission ("M-NCPPC") and DPIE, alleging that M-NCPPC and DPIE failed to provide documents in violation of the Maryland Public Information Act ("MPIA").  ("*Nuzback III*"). (ECF No. 21-8). In this complaint, Plaintiff alleged that it had learned during *Nuzback I* that DPIE had determined that the Subject Property was not property of the County based on the 1991 Memorandum and attached a letter to the complaint. (*Id.*, ¶ 9, pp. 15-16). In this letter ("December 7, 2017 Letter"), the director of the DPIE provided more information about DPIE's determination. (*Id.*, pp. 15-16). [4]

Specifically, the DPIE director identified that the Subject Property makes up part of a right-of-way, Magnolia Street, but that this section of Magnolia Street was never built and remains a

---

[4] The parties do not dispute the authenticity of this letter, nor the facts contained therein. Indeed, Plaintiff relies upon this letter in *Nuzback III*, making it part of the public record. (*See* ECF No. 21-8).

"paper street." (*Id.*, p. 15). In fact, this section of Magnolia Street was being utilized for parking, not as a road. (*Id.*). The Director added that on June 7, 2013, he received an email from counsel for Nazario, who wanted to discuss "vacation" of the Subject Property. (*Id.*). After investigating the matter, DPIE determined that Prince George's County had no claim on the Subject Property, relying on the 1991 Memorandum. (*Id.*). The director related that the memorandum stated that the plat that "established" Magnolia Street was recorded in 1890, predating the section of the County Code enacted in 1908 that established platted rights of way as automatically designated for public use. (*Id.*). Instead, Nazario and Plaintiff, the property owners on either side of "such [a] right[]-of-way," possessed ownership interests to the center of the "road." (*Id.*). Accordingly, the director wrote that "[t]he County concludes that this is a private property matter that should be addressed through legal means between the interested property owners." (*Id.*, p. 2).

According to the Plaintiff, in December 2019, it submitted document requests pursuant to the MPIA to each defendant for a copy of the 1991 Memorandum and other documents related to the Subject Property. (*Id.*, ¶¶ 6). DPIE produced some documents responsive to Plaintiff's request, however, neither DPIE nor M-NCPPC provided the 1991 Memorandum. (*Id.*, ¶¶ 13, 15, 16, 17, 18). On the eve of trial, Plaintiff received a letter from Prince George's County, in which the County stated that it did not possess a copy of the Memorandum. As a result, Plaintiff voluntarily dismissed the lawsuit. (ECF Nos. 27, p. 3; 27-1). *Nuzback III* was dismissed on April 11, 2022.

On March 5, 2021, Plaintiff filed a one-count Complaint against Defendants in this Court, citing to 42 U.S.C. § 1983 and alleging in bald fashion that Defendants violated Plaintiff's Fifth and Fourteenth Amendment rights by deciding that the County did not own the Subject Property. (ECF No. 1, ¶¶ 37, 38). Plaintiff seeks "any and all relief allowed by law" and monetary damages. (*Id.*, ¶ 39). However, the Court finds that Plaintiff does not clarify whether it is attempting to

allege: (1) a violation of the Takings Clause of the Fifth Amendment; (2) a procedural due process violation of the 14th Amendment; and/or (3) a substantive due process violation of the 14th Amendment.

This case was referred to the undersigned for all further proceedings, to which the parties have consented (ECF Nos. 13, 16, 17). Defendants filed their Motion, Plaintiff filed its opposition, and Defendants filed their reply. ("Reply"). Finding that the Defendants raised new issues in the Reply, the Court permitted Plaintiff to file a surreply. Plaintiff timely filed its surreply. (ECF No. 27, "Surreply").

## II.    STANDARDS OF REVIEW

### A.  Subject Matter Jurisdiction

As a preliminary matter, a federal court always has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If a federal court lacks subject matter jurisdiction, then dismissal is appropriate. See Fed. R. Civ. P. 12(h)(3).

### B.  Rule 8 and Rule 12(b)(6)

#### 1.    *Fed. R. Civ. P. 8*

Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" The determination of whether a complaint runs afoul of Rule 8 is based on "various factors, including the length and complexity of the complaint [and] whether the complaint was clear enough to enable the defendant[s] to know how to defend [themselves]." *Sewarz v. Long*, 407 F. App'x 718, 719 (4th Cir. 2011) (internal citations omitted). Although it is true that federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson v.*

*City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam), a complaint with mere "'naked assertions' of wrongdoing" are insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).  Put another way, a complaint that contains bald accusations or "no more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient to state a plausible claim for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (complaint must set forth enough facts as to suggest a "cognizable cause of action").

> 2.   *Fed. R. Civ. P. 12(b)(6)*

 In this case, the Defendants have framed their Motion in the alternative, either as a Fed. R. Civ. P. 12(b)(6) motion to dismiss, or a summary judgment motion, filed pursuant to Fed. R. Civ. P. 56.  Such a motion implicates this Court's discretion pursuant to Rule 12(d).  *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011).

In resolving this Motion, this Court declines to consider any materials beyond the pleadings or public documents subject to judicial notice. Accordingly, the Court shall treat Defendants' Motion as a Rule 12(b)(6) motion to dismiss and declines to address the alternative motion for summary judgment. *See Hall v. Virginia*, 385 F.3d 421, 424 n. 3 (4th Cir. 2004) (observing that a court does not convert a motion to dismiss to a motion for summary judgment when it takes judicial notice of public records); *Kensington*, 788 F. Supp. 2d at 437 (treating motion styled in alternative as motion to dismiss where it could be resolved without considering any documents outside of the pleadings).

 A defendant who files a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is asserting that, even if a court construes the facts advanced in the Plaintiff's complaint as true, that complaint fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, a complaint must provide a defendant with "fair notice of what the claim is and the grounds upon which it

rests." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (citing *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)). In other words, a complaint must contain sufficient facts and must state a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When resolving a 12(b)(6) motion, a court accepts as true the well-pleaded allegations in a complaint. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021). Furthermore, a court "does not resolve contests surrounding the facts [or] the merits of a claim." *Ray*, 948 F.3d at 226 (citation omitted).

## III.    DISCUSSION

Defendants advance several arguments in support of dismissing the Complaint: (1) the *Rooker-Feldman* doctrine precludes this Court from exercising subject matter jurisdiction over this case; (2) this Court should abstain from entertaining this case under the *Younger* doctrine; (3) Plaintiff failed to state a claim for a violation of the Takings Clause of the Fifth Amendment or for a violation of the Fourteenth Amendment; (4) the statute of limitations bars Plaintiff's Complaint; (5) collateral estoppel bars Plaintiff's Complaint;(6) *res judicata* bars Plaintiff's Complaint; and (7) the County is exempt from liability under the public duty doctrine. (Motion, pp. 4-6; Reply, pp. 2-8).

 Plaintiff counters with the following: (1) the *Rooker-Feldman* doctrine does not apply to this case; (2) the *Younger* doctrine does not warrant abstention; (3) collateral estoppel does not bar Plaintiff's Complaint; (4) res judicata does not bar Plaintiff's Complaint; and (5) the statute of limitations does not bar Plaintiff's Complaint. (ECF No. 23-1 "Opposition", pp. 4-7; Surreply, pp. 4-8). Plaintiff also argues that summary judgment would be premature prior to discovery. (Opposition, p. 7).

As set forth herein, the Court resolves the issues raised by Defendants in arguments (1) through (4), which makes it unnecessary for the Court to resolve the remaining issues.

### A.  *Rooker-Feldman* Doctrine

Although Defendants have not articulated specifically that this case should be dismissed under Fed. R. Civ. P. 12(b)(1), they do argue that pursuant to the *Rooker-Feldman* doctrine, this Court does not have subject matter jurisdiction.  The *Rooker-Feldman* doctrine encompasses the limited circumstances where the Supreme Court's appellate jurisdiction over state court judgments outlined in 28 U.S.C. § 1257 precludes lower federal courts from exercising subject matter jurisdiction. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).  In particular, the doctrine prevents a federal court from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced[.]" *Exxon*, 544 U.S. at 284. If the plaintiff does not seek review of the state court judgment itself but "presents an independent claim," then the *Rooker-Feldman* doctrine is no "impediment to the exercise of federal jurisdiction." *Thana v. Bd. of License Commissioners for Charles Cnty., Maryland,* 827 F.3d 314, 320 (4th Cir. 2016). Even where a ruling in federal court "cannot occur without effectively finding that the state court had erred," such a conflict is to be addressed instead by traditional preclusion principles. *Diamond v. U.S. Bank, N.A.*, Civ. No. TDC-19-1458, 2020 WL 2319112, at *3 (D. Md. May 11, 2020) (citing *Thana*, 827 F.3d at 322).

In this case, Plaintiff seeks damages for an alleged violation of its Fifth and Fourteenth Amendment rights based on actions taken by Defendants before any litigation took place. (Complaint, ¶¶ 10, 19). Therefore, Plaintiff does not complain of an "injury caused by a state-court judgment." *Exxon*, 544 U.S. at 284. In addition, Plaintiff does not seek to have the state court judgments in any of the prior cases overturned. Accordingly, this action is not barred by the

*Rooker-Feldman* doctrine, even if the action includes factual and legal arguments similar to those made in state proceedings. *Thana*, 827 F.3d at 321.

### B. *Younger* Abstention

**A**bstention pursuant to *Younger v. Harris*, 401 U.S. 37, 41 (1971), is a "mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Smallwood v. Nationstar Mortg., LLC*, Civ. No. PX-16-4008, 2017 WL 6527251, at *3 (D. Md. Dec. 21, 2017) (quoting *Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006)). In *Younger*, *supra*, the Supreme Court held that federal courts should abstain from enjoining a pending criminal prosecution.[5] In the years following *Younger*, the Supreme Court expanded this doctrine to three types of state proceedings warranting abstention: (1) "ongoing state criminal prosecutions;" (2) "certain civil enforcement proceedings" akin to a criminal proceeding often referred to as "quasi-criminal" proceedings; and (3) civil proceedings involving orders that are "uniquely in furtherance of the state courts' ability to perform judicial functions," e.g., a civil contempt order, bond procedures. *Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 96 (4th Cir. 2022). Where the underlying case does not fit into one of these three categories, *Younger* abstention does not apply. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

Defendants appear to argue that *Nuzback II* is a pending state proceeding warranting abstention pursuant to *Younger v. Harris*, 401 U.S. 37, 41 (1971). (ECF No. 24, pp. 7-8). However, the proceedings in *Nuzback II* do not "fit any historical precedent applying the doctrine." *Jonathan R. by Dixon v. Justice*, 41 F.4th 316, 328 (4th Cir. 2022). *Nuzback II* concerned whether Plaintiff

---

[5] The term "pending" distinguishes "state proceedings which have already commenced from those which are merely incipient or threatened," and includes cases where a final judgment has been issued in state court, but the plaintiff has not exhausted his or her state court appellate remedies by appealing that judgment. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607-11 (1975).

was entitled to a declaratory judgment that it owned one-half of the Subject Property. (ECF No. 21-4). This Court does not find, and indeed, Defendants make no argument, that this proceeding falls into one of the three categories of cases covered by *Younger* abstention. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013). Moreover, even if *Younger* applied, this Court would only be able to stay, not dismiss, on *Younger* abstention grounds, because Plaintiff seeks damages and not declaratory relief. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996). Accordingly, the Court will not stay or dismiss these proceedings pursuant to *Younger*.

### C.  Failure to State a Claim

In the Complaint, Plaintiff generally claims that Defendants violated 42 U.S.C. § 1983 and briefly mentions violations of the Fifth Amendment and the Fourteenth Amendment. (Complaint, ¶¶ 3, 37).

Defendants' specific argument is that Plaintiff has failed to state a claim for relief under the Fifth and Fourteenth Amendment, because the Complaint does not adequately allege that Plaintiff has a property interest in the Subject Property. (Motion, p.5 n.1). In their Reply, Defendants further assert that Plaintiff has not alleged that Defendants took its property, nor that Plaintiff had a property interest in the Subject Property. In sum, then, Plaintiff fails to state a claim under the Takings Clause of the Fifth Amendment ("Takings Clause"). (Reply, pp. 2-3).

Under Section 1983, a plaintiff may file a claim against any person[6] who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

---

[6]A municipality is considered a "person" under Section 1983 and can be sued directly for monetary, declaratory, or injunctive relief where the challenged action "implements or executes [an] ordinance, regulation, or decision officially adopted and promulgated by that body's officers. *Monell v. N.Y. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).

secured by the Constitution and laws" of the United States. *Graves v. Loi*, 930 F.3d 307, 318-19 (4th Cir. 2019). Section 1983 is not a "source of substantive rights," but instead provides a "method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). The "first step" in a Section 1983 claim is to "pinpoint the specific right that has been infringed." *Id.* (citation omitted). Put another way, to state a claim under Section 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

To assert a claim under the Takings clause, Plaintiff must allege that: (1) it has a legitimate property interest; and (2) this property interest was "taken" through "physical invasion or governmental regulation." *Horne v. Mayor & City Council of Baltimore*, Civ. No. RDB-07-1110, 2008 WL 8882751 (D. Md. Feb 27, 2008) (citing *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 105 (1978); *see also Washlefske v. Winston*, 234 F.3d 179, 183 (4th Cir. 2000).

To establish a 14th Amendment procedural due process violation, Plaintiff must allege that: (1) it had property or a property interest; (2) the state deprived it of that property or property interest; and (3) the state did so without due process of law, *i.e.*, notice and an opportunity to be heard. *Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach*, 420 F.3d 322, 328 (4th Cir. 2005) (citation omitted); *see also Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

To establish a 14th Amendment substantive due process violation, Plaintiff must allege that: (1) it had property or a property interest; (2) the state deprived it of this property or property interest; and (3) that the state's action "falls so far beyond the outer limits of legitimate governmental authority that no process could cure the deficiency." *Quinn v. Board of County Commissioners for Queen Anne's County, Md.*, 862 F.3d 433, 443 (4th Cir. 2017).

Reviewing the Complaint, the Court finds that Plaintiff only refers in passing to violations of the Fifth Amendment and the Fourteenth Amendment. Indeed, only two paragraphs of the Complaint even refer to these constitutional amendments, and the allegations of violations are scant on detail. (Complaint, ¶¶ 3, 37). More important, nowhere in the Complaint does Plaintiff ever articulate whether it asserts a cause of action under the Takings Clause of the Fifth Amendment. In addition, the Plaintiff fails to clearly articulate whether it raises a 14th Amendment procedural due process or a substantive due process challenge, or both. Moreover, nowhere in the Complaint does Plaintiff clearly articulate the property interest at issue, let alone a legitimate one. Nor does the Plaintiff clearly articulate which actor(s) have violated his rights, and how those actions harmed its interest (e.g., these defendants took the property yet failed to provide notice or an opportunity to be heard). Similarly, Plaintiff fails to clearly articulate which state action(s) fall "so far beyond the outer limits" of legitimate governmental authority. Finally, Plaintiff has not clearly articulated a causal connection between any actions taken by a state actor and the damages it seeks.

Accordingly, this Court cannot find that Plaintiff has satisfied the pleading requirements under *Iqbal*, 556 U.S. at 678, *Twombly*, 550 U.S. at 556, or Fed. R. Civ. P. 8(a). Instead, the Court holds that Plaintiff has not stated a claim upon which relief can be granted under Rule 12(b)(6). Accordingly, the Complaint is dismissed.

### E. Leave to Amend the Complaint and Statute of Limitations

Having decided that the Complaint as drafted is inadequate, the next logical question may be whether the Court should, before dismissing the action, afford the Plaintiff the opportunity to amend its Complaint to cure its defects. *See* Fed. R. Civ. P. 15(a)(2).[7]

---

[7] Federal Rule of Civil Procedure 15(a)(1)(B) gives a plaintiff the freedom to amend his complaint once as a matter of course within twenty-one days after service of a motion under Rule 12(b), (e), or (f). After that point, a plaintiff

Although a court should grant leave to amend when justice so requires, a court should not automatically do so. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court should deny leave to amend a pleading where prejudice, bad faith, or futility exists. *LifeWise Family Fin. Sec. v. Holden (In re Triangle Capital Corp. Sec. Litig.)*, 988 F.3d 743, 750 (4th Cir. 2021).

In its pleading, Plaintiff asserts that: (1) the statute of limitations was tolled by administrative orders issued by the Maryland Court of Appeals due to the COVID-10 pandemic; and (2) it disputes that the claim accrued as of December 7, 2017. (Opposition, pp. 6-7).

In this case, the Court examines whether the statute of limitations would bar the Plaintiff from filing its claim. If barred, any amendment would be futile.  Section 1983 does not include a statute of limitations. *Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379, 388 (4th Cir. 2014). Accordingly, to determine the timely filing of a § 1983 claim, courts use the statute of limitations from the most analogous state law cause of action. *See id*. For Section 1983 lawsuits, that cause of action is a personal-injury lawsuit. *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989). Maryland law affords plaintiffs three years to file a personal injury claim. *See* Md. Code Ann., Cts. & Jud. Proc. § 5–101. Plaintiff therefore had three years from the date of accrual to timely file its suit.

The Court is not persuaded by Plaintiff's argument that the administrative orders issued by the Maryland Court of Appeals tolled the statute of limitations by 122 days in this case due to the COVID-19 pandemic. (Opposition, pp. 6-7). The COVID-19-related Standing Orders for this federal court provide that statutes of limitations were not tolled during the COVID-19 pandemic. *McGill v. Koros, LLC*, Civ. No. JKB-20-03191, 2021 WL 4170402, at *6 (D. Md. Sept. 14, 2021);

---

may not amend his complaint as a matter of course under Rule 15 but may only do so "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A court should freely grant leave to amend when "justice so requires." Fed. R. Civ. P. 15.

*see, e.g.*, Standing Order 2020-05; Standing Order 2020-07; Standing Order 2020-11. This Court further finds that the orders issued by the Maryland Court of Appeals applied only to "matters required to be filed in a Maryland state trial or appellate court," and therefore do not apply to Plaintiff's 42 U.S.C. § 1983 claim- a federal cause of action. (*See* ECF No. 23-3, p. 2). *Compare Touko v. United States*, Civ. No. GJH-20-1113, 2021 WL 2685328, at *3 (D. Md. June 29, 2021) (Maryland administrative order tolling statute of limitations did not apply to federal claim filed in federal court) *with Liberty Mut. Ins. Co. v. Murphy*, Civ. No. SAG-20-1961, 2021 WL 2784264, at *4 (D. Md. July 2, 2021) (Maryland administrative order tolling statute of limitations applied to claim brought in diversity, pursuant to *Erie* doctrine) *and Robinson v. City of Mount Rainier*, Civ. No. GJH-20-2246, 2021 WL 1222900, at *14 n.16 (D. Md. Mar. 31, 2021) (Maryland administrative order tolling statute of limitations applied to claim brought in state court, then removed to federal court).

The date of accrual for a Section 1983 cause of action is a question of federal law "conforming in general to common-law tort principles." *McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The limitations period accrues when a plaintiff knows or has reason to know of the injury forming the basis of the action. *Thompson v. Pretzello*, Civ. No. RDB-15-1302, 2016 WL 2610112, at *6 (D. Md. May 5, 2016) (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). Specifically, a plaintiff need only possess "sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Rich v. Hersl*, Civ. No. ELH-20-488, 2021 WL 2589731, at *9 (June 24, 2021) (quoting *Nasim v. Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995)).

Defendants argue that Plaintiff knew by December 7, 2017, that the County determined that it had no claim to the right-of-way. (Motion, p. 6). Therefore, Plaintiff's claim, filed on March

15

19, 2021, was filed outside of the three-year statute of limitations. (Complaint). Plaintiff counters that it "disputes" Defendants' date of December 7, 2017. (Opposition, p. 6). However, Plaintiff fails to point to any facts to support a date from which this Court can infer that Plaintiff had reason to know of the injury forming the basis of its action. (*Id.*).

The Court finds that Plaintiff's Complaint is time-barred due to two documents subject to judicial notice: (1) Nazario's Verified Amended Complaint, filed in *Nuzback I*; and (2) the December 7, 2017 Letter, filed in *Nuzback III*. These two documents provided Plaintiff with sufficient facts about the alleged harm, such that a reasonable inquiry would reveal its cause of action. *Rich*, 2021 WL 2589731, at *9; *see Ten-X, Inc. v. Pasha Realty Holdings, LLC*, Civ. No. DLB-21-562, 2022 WL 1273132, at *3 (D. Md. Apr. 28, 2022) (court may take judicial notice of public filings for purpose of deciding whether statute of limitations bars complaint when resolving a motion to dismiss).

First, on November 17, 2016, Nazario filed its Verified Amended Complaint to Quiet Title in *Nuzback I* against Plaintiff, alleging in Paragraph 10 that during the 2013 investigation of the Subject Property, "Prince George's County determined that the County had never formally accepted title to the [Subject Property]" and therefore the property belonged to Nazario and Plaintiff. (ECF No. 21-5, p. 29).

Second, Plaintiff received the December 7, 2017 Letter, which provided more detail about the determination that the County did not own the Subject Property. Plaintiff then appended this letter to its complaint in *Nuzback III*, alleging that it had learned about DPIE's determination during the course of *Nuzback I*. (ECF No. 21-8, ¶ 2; pp. 15-16). Even construing all reasonable inferences in the favor of the Plaintiff, the Court finds that the statute of limitations bars this action.

Because the Court finds that it would be futile to amend the Complaint, the action is dismissed with prejudice. *King v. Rubenstein*, 824 F. 3d 206, 225 (4th Cir. 2016).[8]

## IV.    CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Defendants will be granted.  The Complaint will be dismissed.

A separate order will follow.


Dated:  September 16, 2022                                   _____/s/_____
                                                                        The Honorable Gina L. Simms
                                                                        United States Magistrate Judge

---

[8] Regarding Defendants' *collateral estoppel* argument, the Court finds that **only** the issue of whether the County or the State of Maryland owned the Subject Property has already been litigated and was actually determined in *Nuzback I* and is therefore barred by collateral estoppel. *See Nuzback I*, 2018 WL 6012455, at *3 (holding that neither the County nor the State owned the Subject Property); *Lucero v. Early*, Civ. No. GLR-13-1036, 2018 WL 4333745, at *3 (D. Md. Sept. 11, 2018) (listing elements for collateral estoppel). This determination as to whether the County or the State owned the Subject Property was a critical and necessary part of the *Nuzback I* decision because as the Maryland Court of Special Appeals noted, Nazario would not have been able to adversely possess land owned by the government. *Id.* The *Nuzback I* judgment was final and valid, and Plaintiff had a "full and fair opportunity" to litigate this issue but failed to submit any admissible evidence in opposition to the motion for summary judgment. *Nuzback I*, 2018 WL 6012455, at *4.  In sum, in *Nuzback I*, the court held that neither the County nor the State of Maryland owned the Subject Property and that Nazario obtained title to it from Plaintiff through adverse possession, and Plaintiff is not permitted to relitigate that issue now. The Court does not find, however, that the issue raised in the instant case–whether the Defendants' actions amount to a Section 1983 action that resulted in measurable harm to Plaintiff–is identical to any issues previously litigated and actually determined in a prior proceeding.