IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| KATHRYN A. NUZBACK REVOCABLE TRUST </br>     Plaintiff, </br></br>     v. </br></br> PRINCE GEORGE'S COUNTY, *et al.*, </br></br>     Defendants. | ) </br> ) </br> ) </br> ) </br> ) Civil Case No.: GLS-21-579 </br> ) </br> ) </br> ) </br> ) </br> ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is "Plaintiff's Motion to Alter or Amend Final Judgment and Order of Dismissal with Prejudice," (ECF No. 30) ("Motion to Alter"), filed by Plaintiff Kathryn A. Nuzback Revocable Trust ("Plaintiff"). The matter has been fully briefed, *see* ECF No. 32-1, so no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth herein, the Court will **DENY** the Motion to Alter.

**I.   BACKGROUND**[1]

Plaintiff owns the property located at 14405 Baltimore Avenue, Laurel, MD 20707 ("Plaintiff's Property"). (ECF No. 1, ¶ 4, "Complaint"). Plaintiff's allegations concern a 285' by 50' tract of land that contains a right of way ("Subject Property"). (Complaint, ¶ 5). The Subject Property sits to the north of Plaintiff's Property. (*Id.*).

On June 4, 2008, the Nazario Family, LLC, ("Nazario"), purchased the property at 14401 Baltimore Avenue, Laurel, MD ("Nazario Property"), which sits to the immediate north of the

---

[1] The Court set forth the complete set of facts in its September 16, 2022 Memorandum Opinion (ECF No. 28). Here, the Court repeats only those facts necessary to resolve the pending motion.

Subject Property. (*Id.*, ¶ 8). The Subject Property lies in between the Nazario Property (14401 Baltimore Avenue) and the Plaintiff's Property (14405 Baltimore Avenue). (*Id.*, ¶ 9).

On June 7, 2013, Nazario contacted the Director of Defendant Prince George's County Department of Permitting, Inspections, and Enforcement ("DPIE") about the "vacation" of the Subject Property. (*Id.*, ¶ 10). DPIE, relying on a memorandum written in 1991 related to the Subject Property ("the 1991 Memorandum"), determined that "the County did not have a claim on the Subject Property." Accordingly, the Subject Property belonged to **both** Plaintiff and Nazario. (*Id.*, ¶¶ 14, 16, 19) (emphasis supplied).

Between 2016-2020, Plaintiff pursued three separate lawsuits related in some fashion to the Subject Property, losing all of them. (*See, infra*, *Nuzback I*, *Nuzback II*, and *Nuzback III*).

On March 29, 2016, Nazario filed suit to quiet title of the Subject Property under a theory of adverse possession in Prince George's County Circuit Court. ("*Nuzback I*") (*Id.*, ¶ 25). Specifically, Nazario sought to obtain the rest of the right of way abutting his property, i.e., the Subject Property. On August 2, 2017, the Circuit Court granted summary judgment in favor of Nazario. (ECF No. 21-2).

On April 12, 2018, Plaintiff filed a complaint in Prince George's County Circuit Court against Defendant Prince George's County ("the County"), the State of Maryland ("the State"), and Nazario, seeking a declaratory judgment. ("*Nuzback II*"). (ECF No. 21-4). Plaintiff sought a determination from a state court that the Subject Property belonged to Prince George's County or the State of Maryland, arguing that the defendants had improperly relied upon the 1991 Memorandum to determine that neither the County nor the State had an interest in the Subject Property. (ECF No. 21-4, ¶¶ 12, 14, 18, 24). Alternatively, Plaintiff sought a determination that: (a) if neither the County nor State still owned the Subject Property, one of these governmental

2

entities had illegally conveyed or abandoned its rights in the same, in violation of the statutes and regulations related to the disposition of public land; or (b) to the extent that the County or State intended to dispose of the Subject Property, Plaintiff was entitled to claim a one-half interest in the same. (*Id.*, ¶¶ 19, 20, 23, 25, 26). On July 10, 2019, the Circuit Court granted summary judgment for the County and the state of Maryland. (ECF No. 21-7).

On July 1, 2020, Plaintiff again filed a complaint in Prince George's County Circuit Court, this time against the Maryland-National Capital Park and Planning Commission ("M-NCPPC") and DPIE, alleging that M-NCPPC and DPIE failed to provide documents in violation of the Maryland Public Information Act ("MPIA"). ("*Nuzback III*"). (ECF No. 21-8). In this complaint, Plaintiff alleged that it had learned during *Nuzback I* that DPIE had determined that the Subject Property was not property of the County based on the 1991 Memorandum and attached a letter to the complaint. (*Id.*, ¶ 9, pp. 15-16). In this letter ("December 7, 2017 Letter" or "the Letter"), the Director of the DPIE provided more information about DPIE's determination. (*Id.*, pp. 15-16).

Specifically, the DPIE Director identified that the Subject Property makes up part of a right-of-way, Magnolia Street, but that this section of Magnolia Street was never built and remains a "paper street." (*Id.*, p. 15). In fact, this section of Magnolia Street was being utilized for parking, not as a road. (*Id.*). The Director added that on June 7, 2013, he received an email from counsel for Nazario, who wanted to discuss "vacation" of the Subject Property. (*Id.*). After investigating the matter, DPIE determined that Prince George's County had no claim on the Subject Property, relying on the 1991 Memorandum. (*Id.*). The Director related that the memorandum stated that the plat that "established" Magnolia Street was recorded in 1890, predating the section of the County Code enacted in 1908 that established platted rights of way as automatically designated for public use. (*Id.*). Instead, Nazario and Plaintiff, the property owners on either side of "such [a] right[]-of-

3

way," possessed ownership interests to the center of the "road." (*Id.*). Accordingly, the Director wrote that "[t]he County concludes that this is a private property matter that should be addressed through legal means between the interested property owners." (*Id.*, p. 2). *Nuzback III* was dismissed on April 11, 2022.

On March 5, 2021, Plaintiff filed a one-count Complaint against Defendants in this Court, citing to 42 U.S.C. § 1983 and alleging that Defendants violated Plaintiff's Fifth and Fourteenth Amendment rights by deciding that the County did not own the Subject Property. (ECF No. 1, ¶¶ 37, 38).

On November 12, 2021, the Defendants filed "County Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment." (ECF No. 21) ("Motion to Dismiss"). The matter was fully briefed by the parties. (*See* also ECF Nos. 23, 24, 27).

On September 16, 2022, the Court issued its Memorandum Opinion and Order. (ECF No. 28). With respect to the statute of limitations issue, the Court held that: (1) the date of accrual for Plaintiff's Section 1983 claim was no later than December 7, 2017, the date Plaintiff received the Letter, which provided Plaintiff details about the County's determination that it did not own the Subject Property; (2) the applicable statute of limitations for a Section 1983 claim is three years; and (3) the Administrative Orders ("Administrative Orders")[2] issued by the Supreme Court of Maryland[3] did not toll the statute of limitations by 122 days. (ECF No. 28). Relying upon *McGill*

---

[2] The Administrative Orders related to the tolling of the statute of limitations provide that "all statutory and rules deadlines related to the initiation of *matters required to be filed in a Maryland state trial or appellate court*, including statutes of limitations, were tolled or suspended…." *See Court of Appeals of Maryland Administrative Order on Emergency Tolling or Suspension of Statute of Limitations and Statutory and Rules Deadlines* (March 28, 2020), which can be found at:

https://mdcourts.gov/sites/default/files/adminorders/20220328finalonemergencytollingorsuspensionofstatutesoflimitationsandstatutoryandrulesdeadlines.pdf. (emphasis supplied).

[3] Known as the Court of Appeals of Maryland until December 14, 2022.

4

*v. Koros, LLC*, Civ. No. JKB-20-03191, 2021 WL 4170402, at *6 (D. Md. Sept. 14, 2021), the Court held that the COVID-19-related Standing Orders for this federal court[4] provide that the statutes of limitations for federal claims were not tolled during the COVID-19 pandemic. This Court further found that the Administrative Orders issued by the Supreme Court of Maryland applied only to "matters **required** to be filed in a Maryland state trial or appellate court," and therefore did not apply to Plaintiff's 42 U.S.C. § 1983 claim—a federal cause of action, which was not required to be filed here. (ECF No. 28, p. 15) (emphasis supplied). This Court did not find persuasive the holding of *Liberty Mutual Ins. Co. v. Murphy*, Civ. No. SAG-20-1961, 2021 WL 2784264 (D. Md. July 2, 2021), as that case involved a Maryland law breach of contract claim brought in a diversity action, not a case involving a federal claim filed in federal court. (*Id.*).

In sum, the Court granted the Motion to Dismiss because the Plaintiff had failed to state a claim upon which relief could be granted. Relatedly, the Court found that any attempt by Plaintiff to amend the Complaint would be futile because the running of the statute of limitations bars Plaintiff's claim. (*See* ECF No. 28).

On October 10, 2022, Plaintiff filed the Motion to Alter, which the Defendants oppose. (ECF Nos. 30, 30-2, 32, 32-1). In essence, Plaintiff asserts that the Court erred when it found that the applicable statute of limitations was not tolled by the Administrative Orders. In the Opposition, Defendants contend that the Court correctly ruled on the statute of limitations issue, as the Administrative Orders do not apply to the instant case.

---

[4] *See. e.g.,* Standing Order 2020-05; Standing Order 2020-07; Standing Order 2020-11.

## II.  STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 59(e), a motion to alter or amend a judgment shall be filed no later than twenty-eight days after the entry of the judgment. According to the Fourth Circuit, a court may alter or amend a prior judgment only under three circumstances:

(1) to accommodate an intervening change in controlling law;
(2) to account for new evidence; or
(3) to correct a clear error of law or prevent manifest injustice.

*United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 210 (4th Cir. 2017). In addition, granting a motion for reconsideration is an extraordinary remedy, which should be used sparingly. *Johnson v. United States*, 861 F. Supp. 2d 629, 632 (D. Md. 2012).

## III.  DISCUSSION

In the Motion to Alter, Plaintiff has not argued that there has been an intervening change in controlling law, nor has the Plaintiff presented any new evidence. Rather, Plaintiff argues that the Court clearly erred by ignoring Fourth Circuit law and Supreme Court precedent when concluding that the statute of limitations was not tolled by the Supreme Court of Maryland's Administrative Orders. (Motion to Alter, pp. 2-4). Defendants aver that the Court did not err, as the Court correctly found that the Supreme Court of Maryland's Administrative Orders did not operate to toll the statute of limitations. (Opposition, pp. 6-7).

To support its argument that this Court "contravened the clear directives of both the Supreme Court and the Fourth Circuit [] to apply Maryland statutes of limitations arising under Section 1983," the Plaintiff relies upon *Hardin v. Straub*, 490 U.S. 536 (1989) and *Battle v. Ledford*, 912 F.3d 708 (4th Cir. 2019).[5] Upon review of *Hardin* and *Battle*, the Court finds that

---

[5] Notably, the Court finds that Plaintiff made no arguments related to *Hardin* or *Battle* in its original opposition to the Defendants' Motion to Dismiss. Instead, the Plaintiff raised the argument predicated on *Hardin* and *Battle* for the first time in the Motion to Alter. Raising an argument for the first time in a Fed. R. Civ. P. 59(e) motion is improper. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1993). Nonetheless, the Court will assume *arguendo*

those cases, in relevant part, stand for the proposition that a federal court, when dealing with a Section 1983 claim, should apply the *applicable* state tolling statute to determine whether the period of limitations has run, to the extent that the tolling statute does, in fact, apply. This Court's ruling does not run afoul of the holdings of *Hardin* or *Battle*, it merely finds that they are inapposite. Simply put, the Court finds that it did not "clearly err" because the plain language of the Administrative Orders makes clear that they are *not applicable* to the instant dispute. Here, the Plaintiff alleges a violation of Section 1983, and this case comes before the Court through federal question jurisdiction. Thus, this case was not "required to be filed in a Maryland state trial or appellate court." By their plain language, then, the Administrative Orders *do not apply* to this case and, consistent with *Hardin* and *Battle*, the Court did not err in declining to find that they extended the statute of limitations.

Furthermore, in the Motion to Alter the Plaintiff does not provide any case law that supports its contention that the Administrative Orders apply to a federal question case like this one. Various courts have specifically held that the Administrative Orders do not apply to federal claims because they are not "required to be filed in Maryland state trial or appellate court." *See e.g.*, *McGill* v. *Koros, LLC,* Civ. No. JKB-20-3191, 2021 WL 4170402, at *6 (D. Md. Sept. 14, 2021) (holding that Administrative Orders did not toll the statute of limitations related to plaintiffs' Section 1981 claim); *Touko v. United States*, Civ No. GJH-20-1113, 2021 WL 2685328, at *3, n.5 (D. Md. June 29, 2021) (declining to find that the Administrative Orders applied to plaintiff's *Biven* claims); *See also Liberty Mutual Ins. v. Murphy,* Civ. No. SAG-20-1961, 2021 WL 2784264, at *3 (D. Md. July 2, 2021) (holding that the plain language of the Administrative Orders limits their applicability

---

that Plaintiff did not waive this argument by failing to raise it prior to the Motion to Alter and address the argument on its merits.

to state court and the Administrative Orders are only adopted in federal court, pursuant to the *Erie* Doctrine, if such court is exercising *diversity jurisdiction*); *cf. Robinson v. City of Mount Rainier*, Civ. No. GJH-20-2246, 2021 WL 1222900, at *14, n.16 (D. Md. Mar. 31, 2021) (Maryland administrative order tolling statute of limitations applied to *state law* claim brought in state court, then removed to federal court) (emphasis supplied).

In sum, because the Court is exercising federal question jurisdiction over a Section 1983 claim, the Administrative Orders do not apply. The plain language of the Administrative Orders and relevant case law make this clear. The Court correctly found that the statute of limitations bars this action, which means that it would be futile to allow Plaintiff leave to amend the Complaint. Accordingly, the Court did not "clearly err."

Ultimately, then, this is a case in which Plaintiff has "mere disagreement" with how the Court ruled on the statute of limitations issue. "Mere disagreement," however, is insufficient to support a Rule 59(e) motion. *See Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

The Motion to Alter, ECF No. 30, is **DENIED**. The Clerk of the Court is directed to **CLOSE** the case.

Dated:  June 21, 2023                              _____/s/_____
                                                                                  The Honorable Gina L. Simms
                                                                                  United States Magistrate Judge